1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LYNN HUBBARD, III, SBN 69773
SCOTTLYNN J HUBBARD, IV, SBN 212970
**DISABLED ADVOCACY GROUP, APLC**
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH WATCHERS,<br><br>     Plaintiff,<br><br>     vs.<br><br>PHILLIP S. BASRA dba TACO BELL #003560; RITA K. BASRA dba TACO BELL #003560; PRB MANAGEMENT, LLC,<br><br>     Defendants. | No.<br><br>**Plaintiff's Complaint** |

# I. SUMMARY

1.     This is a civil rights action by plaintiff Sarah Watchers ("Watchers") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Taco Bell #003560
532 West Hammer Lane
Stockton, CA 95210
(hereafter "the Restaurant")

2.     Watchers seeks damages, injunctive and declaratory relief, attorney fees and costs, against: Phillip S. Basra dba Taco Bell #003560; Rita K. Basra dba Taco Bell #003560; and, PRB Management, LLC (collectively "Taco Bell") pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) and related California statutes.

# II. JURISDICTION

3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.     Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.     Watchers' claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6.     All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

# IV. PARTIES

7.     Taco Bell owns, operates, and/or leases the Restaurant, and consists of a person (or persons), firm, and/or corporation.

*Watchers v. Basra, et al.*
Plaintiff's Complaint

Page 2

8.     Watchers suffers from Spinocerebellar Ataxia and Spasticity Syndrome which has left her unable to walk  She uses an electric wheelchair and a lift-equipped van when traveling in public, and has been issued a disabled placard by the California DMV. Consequently, Watchers is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.     The Restaurant is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.    Watchers visited the Restaurant and encountered barriers (both physical and intangible) that interfered with—if not outright denied—her ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.  To the extent known by Watchers, the barriers at the Restaurant included, but are not limited to, the following:

- The signage at the disabled parking space (including van accessible signage) is incorrect, thus making it difficult for Watchers, as well as other drivers, to determine which spaces are for the sole use of the disabled.   Additionally, without the correct signage, Watchers cannot have vehicles towed that are illegally parked in disabled parking spaces;

- The access aisle has slopes and cross slopes that exceed 2.0% due to the encroaching built-up curb ramp.  Without a level access aisle, it is difficult for Watchers to unload from her van as her lift's platform cannot sit level;

- The access aisle adjacent to the van accessible parking space is located on the wrong side (driver's side vs. passenger's side), thus

making it difficult – if not impossible – for Watchers to unload from her van as she must either 1) reverse into the parking space and attempt to unload into the too narrow aisle adjacent to the driver's side, or 2) unload into the parking space adjacent to the passenger's side and risk being hit by an incoming vehicle;

- The disposable seat cover dispenser is mounted too high, thus making it difficult for Watchers to reach and use;

- The water closet obstructs the clear floor space required to access the disposable seat cover dispenser, thus making the dispenser difficult for Watchers to reach and use;

- Due to its location above and behind the water closet, the disposable seat cover dispenser is outside of the required reach range limits and, thus, difficult for Watchers to reach and use;

- The toilet tissue dispenser is mounted too far from the back wall, thus making it difficult for Watchers to reach and use;

- The toilet tissue dispenser is mounted too far from the front of the water closet, thus making it difficult for Watchers to reach and use;

- The paper towel dispenser is mounted too high, thus making it difficult for Watchers to reach and use;

- The waste receptacle obstructs the clear floor space required to access the paper towel dispenser and hand dryer, thus making them (the dispenser and dryer) difficult for Watchers to reach and use; and,

- There is insufficient strike side clearance when exiting the restroom, thus making it difficult for Watchers to pull open the door.

These barriers prevented Watchers from enjoying full and equal access.

*Watchers v. Basra, et al.*
Plaintiff's Complaint

Page 4

11.     Watchers was also deterred from visiting the Restaurant because she knew that the Restaurant's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as herself). She continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

12.     Watchers also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to her disability. Nothing within this complaint, however, should be construed as an allegation that Watchers is seeking to remove barriers unrelated to her disability.

13.     Taco Bell knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, Taco Bell has the financial resources to remove these barriers from Taco Bell (without much difficulty or expense), and make the Restaurant accessible to the physically disabled.  To date, however, Taco Bell refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.     At all relevant times, Taco Bell has possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  Taco Bell has not removed such impediments and has not modified the Restaurant to conform to accessibility standards.

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

15.     Watchers incorporates the allegations contained in paragraphs 1 through 15 for this claim.

*Watchers v. Basra, et al.*
Plaintiff's Complaint

16.     Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

17.     Taco Bell discriminated against Watchers by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

18.     The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

19.     When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

20.     Here, Watchers alleges that Taco Bell can easily remove the architectural barriers at Restaurant without much difficulty or expense, and that Taco Bell violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

21.     In the alternative, if it was not "readily achievable" for Taco Bell to remove the Restaurant's barriers, then Taco Bell violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

*Watchers v. Basra, et al.*
Plaintiff's Complaint

Page 6

1

### Failure to Design and Construct an Accessible Facility

2    22.    On information and belief, the Restaurant was designed or

3 constructed (or both) after January 26, 1992—independently triggering access

4 requirements under Title III of the ADA.

5    23.    The ADA also prohibits designing and constructing facilities for first

6 occupancy after January 26, 1993, that aren't readily accessible to, and usable by,

7 individuals with disabilities when it was structurally practicable to do so. 42

8 U.S.C. § 12183(a)(1).

9    24.    Here, Taco Bell violated the ADA by designing or constructing (or

10 both) the Restaurant in a manner that was not readily accessible to the physically

11 disabled public—including Watchers—when it was structurally practical to do

12 so.[1]

13    ### Failure to Make an Altered Facility Accessible

14    25.    On information and belief, the Restaurant was modified after

15 January 26, 1992, independently triggering access requirements under the ADA.

16    26.    The ADA also requires that facilities altered in a manner that affects

17 (or could affect) its usability must be made readily accessible to individuals with

18 disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an

19 area that contains a facility's primary function also requires adding making the

20 paths of travel, bathrooms, telephones, and drinking fountains serving that area

21 accessible to the maximum extent feasible. Id.

22    27.    Here, Taco Bell altered the Restaurant in a manner that violated the

23 ADA and was not readily accessible to the physically disabled public—including

24 Watchers—to the maximum extent feasible.

25

26

27

28

---

[1]    Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Watchers v. Basra, et al.*
Plaintiff's Complaint

Page 7

Failure to Modify Existing Policies and Procedures

28.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

29.    Here, Taco Bell violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

30.    Watchers seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

31.    Watchers also seeks a finding from this Court (*i.e.,* declaratory relief) that Taco Bell violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

### Disabled Persons Act

32.    Watchers incorporates the allegations contained in paragraphs 1 through 30 for this claim.

33.    California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

34.    California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations,

*Watchers v. Basra, et al.*
Plaintiff's Complaint

facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

35.     Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

36.     Here, Taco Bell discriminated against the physically disabled public—including Watchers—by denying them full and equal access to the Restaurant.  The Taco Bell also violated Watchers' rights under the ADA, and, therefore, infringed upon or violated (or both) Watchers' rights under the Disabled Persons Act.

37.     For each offense of the Disabled Persons Act, Watchers seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

38.     She also seeks to enjoin Taco Bell from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

39.     Watchers incorporates the allegations contained in paragraphs 1 through 30 for this claim.

40.     California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

*Watchers v. Basra, et al.*
Plaintiff's Complaint

Page 9

41.     California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

42.     California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

43.     Taco Bell's aforementioned acts and omissions denied the physically disabled public—including Watchers—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

44.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Watchers by violating the Unruh Act.

45.     Watchers was damaged by Taco Bell's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

46.     Watchers also seeks to enjoin Taco Bell from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

47.     Watchers incorporates the allegations contained in paragraphs 1 through 13 for this claim.

48.     Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

49.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

*Watchers v. Basra, et al.*
Plaintiff's Complaint

50.    Watchers alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

51.    Taco Bell's non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Watchers and other persons with physical disabilities.  Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Watchers prays judgment against Taco Bell for:

1.    Injunctive relief, preventive relief, or any other relief the Court deems proper.

2.    Declaratory relief that Taco Bell violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4.    Attorneys' fees, litigation expenses, and costs of suit.[2]

5.    Interest at the legal rate from the date of the filing of this action.

DATED: February 22, 2012        DISABLED ADVOCACY GROUP, APLC


 /s/ Lynn Hubbard, III
LYNN HUBBARD, III
Attorney for Plaintiff

---

[2]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
*Watchers v. Basra, et al.*
Plaintiff's Complaint